REDMANN, Judge,
dissenting in part.
Plaintiffs might be entitled to some damages for defendants’ breach of their obligation to maintain the dishwasher in usable condition. On the other hand, despite plaintiffs’ own and an independent witness’s testimony that the stove hood was burned from the first time they saw it in 1975, the trial judge obviously believed defendants’ testimony that plaintiffs burned the stove hood late in their occupancy, and therefore defendants might be entitled to damages for that. Perhaps those two claims should about balance out, but even balancing them out would call for a division of court costs.
Except for the claim for having plaintiffs’ automobile towed away, we cannot reverse the trial judge’s rejection of other items, accepting (as we must) the trial judge’s credibility evaluation. For example, defendants’ witness conceded that plaintiffs often complained that the air conditioning would not work, but that witness testified that no problems were ever found except that on one occasion plaintiffs had *538 the ducts closed. We are simply not in a position to reverse a trial judge’s credibility call in the absence of some physical or other indisputable evidence which makes the believed testimony inescapably false.
On the car-towing incident, nevertheless, there is no credibility question because defendants concede that they had plaintiffs’ automobile impounded by the police and the police records show that the police were told that the car was abandoned over two months. The car was parked in front of 1214 Cypress in defendant’s apartment complex and plaintiffs’ apartment was at 1215 Cypress. Defense counsel’s question-preface “If I told you the police report indicated the car had flat tires . . . ” was objectionable because the police report contained no such indication. See Wigmore on Evidence (1940 ed.) § 1808.
The main point of law is that a lessor owes to its tenants the peaceable possession of the leased premises, La.C.C. 2692(3). An apartment complex lessor breaches his obligation to maintain his tenant in peaceable possession by causing the tenant’s automobile to be impounded by the police notwithstanding that, in the lessor’s judgment, the automobile sitting in front of the tenant’s apartment “appears abandoned” and the lessor has a printed clause in his lease authorizing removal of “vehicles which appear abandoned or parked illegally . . . .” That clause in the lease can at best be interpreted to refer to vehicles which appear to the reasonable person to be abandoned, and the only evidence in this record about plaintiffs’ small foreign car’s appearance was that its back seat had been removed (plaintiffs said to make more room for newspapers their son distributed). (That the battery had been removed that weekend did not create an appearance of abandonment because the presence or absence of a battery does not appear at all, unless the car has a transparent hood.) Moreover, the lease’s authority to “remove or dispose of” does not include authority to have the police impound. It was defendants’ burden of proof to show that they acted within the authority of their lease in having the police impound plaintiffs’ automobile, and defendants did not bear that burden.
There should be judgment for plaintiffs for perhaps $750.